THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID G. ELLERBY, #F07038             *
                Petitioner,
   v.                                                         *  CIVIL ACTION NO. CCB-09-3456

STATE OF MARYLAND                     *
                Respondent.
                                     ***

## **MEMORANDUM**

David Ellerby, a federal detainee housed at the Maryland Correctional Adjustment Center, filed this petition for writ of error coram nobis on or about December 28, 2009. Ellerby is awaiting trial on a federal drug charge in *United States v. Ellerby*, Criminal No. CCB-08-335 (D. Md.).[1] He is seeking the writ so as to vacate the sentence and judgment entered in the Circuit Court for Baltimore City in 2001, out of concern that the "improper conviction" would result in his being classified as a career offender under Section 4B1.1 of the United States Sentencing Guideline. Paper No. 1 at 2.

The *coram nobis* claims raised by Ellerby in this case go to the voluntariness of his guilty pleas and the effectiveness of his counsel in his state court criminal case before the Honorable John M. Glynn. Citing to Maryland caselaw, Ellerby claims that Judge Glynn did not advise him of the elements of his charges and did not confirm with defense counsel on the record that counsel had notified him of the elements of the crimes. He further alleges that "in the absence of written plea agreements or transcripts of plea colloquys" there is no legal basis to find that his pleas were entered

---

[1] Ellerby was convicted by a jury on drug possession and distribution charges in *United States v. Ellerby*, Criminal No. CCB-07-64 (D. Md). On November 24, 2008, he was sentenced to three life terms and two 360-month terms, with all terms to run concurrent.

voluntarily. Paper No. 1 at 13-17. Ellerby also asserts that counsel was ineffective for failing to ensure that the guilty pleas were entered voluntarily, properly investigate the case, consult with Ellerby, and "file an application for leave to appeal from his guilty plea." *Id*. at 17-22.

"*Coram nobis* is an extraordinary remedy to be granted only under compelling circumstances to correct errors of the most fundamental nature." *Kramer v. United States*, 579 F. Supp. 314, 315 (D. Md. 1984) (citations omitted). Although abolished in most civil actions, *see* Fed. R. Civ. P. 60(b), *coram nobis* is still available to challenge a criminal conviction, but "only under circumstances compelling such action to achieve justice."[2] *United States v. Morgan*, 346 U. S. 502, 511 (1954).

Federal courts, however, lack jurisdiction under 28 U.S.C. § 1651(a) to alter the judgment of the state trial courts by way of *coram nobis*. This circuit and five other courts of appeals have addressed this question and have ruled that the district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts. *See Thomas v. Cunningham,* 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis . . . cannot issue under the instant proceeding . . . for the judgments are not in the court which Thomas has petitioned.");[3] *Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) ("district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts"); *Obado v. New Jersey,* 328 F.3d 716, 718 (3rd Cir. 2003) ("*coram nobis* is not available in a federal court as a means of attack on a state criminal judgment"); *Sinclair v.*

---

[2] "To obtain *coram nobis* relief, a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for [the] failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (internal quotation marks and citations omitted).

[3] *See also In re West*, 3 Fed. Appx. 135 (4th Cir. 2001).

*Louisiana,* 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments."); *Lowery v. McCaughtry,* 954 F.2d 422, 423 (7th Cir. 1992) ("Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court."); *Booker v. Arkansas,* 380 F.2d 240, 244 (8th Cir. 1967) ("Relief by the writ . . . is available, if at all, only in the court which rendered the judgment under attack."), *abrogated on other grounds by, Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973); *Rivenburgh v. Utah,* 299 F.2d 842, 843 (10th Cir. 1962) ("use of the writ is limited by tradition and rule . . . and cannot be used as a . . . collateral writ of error between state and federal jurisdictions.").

Federal *coram nobis* relief is thus not available to attack Ellerby's Baltimore City conviction. He is not without remedy as he may file a petition for writ of error *coram nobis* in the Maryland courts.[4] *See generally Skok v. State*, 361 Md. 52 (Md. 2000);[5] *State v. Hicks*, 139 Md. App. 1 (Md. App. 2001). Accordingly, a separate Order will be entered dismissing the petition without requiring a response from respondent.

---

[4] The court observes that while Ellerby intended to file a copy of his writ in this court (see envelope attached to writ), it is captioned to be filed in the Circuit Court for Baltimore City and the certificate of service is to the attention of the State's Attorney for Baltimore City. While it is unclear, it may be that Ellerby is filing a courtesy copy of the writ with this court.

[5] In *Skok,* the Court of Appeals of Maryland delineated only five qualifications to *coram nobis* relief. These qualifications are: (1) "the grounds for challenging criminal conviction must be of a constitutional, jurisdictional or fundamental character"; (2) "a presumption of regularity attaches to criminal case, and the burden of proof is on the coram nobis petitioner"; (3) "the petitioner must be suffering or facing significant collateral consequences from conviction"; (4) the "[b]asic principles of waiver are applicable to issues raised in coram nobis proceedings"; and (5) "one is not entitled to challenge a criminal conviction by a coram nobis proceeding if another statutory or common law remedy is then available." *Skok*, 361 Md. at 78-80.

Date:   January 15, 2010                             _____/s/_____
                                                     Catherine C. Blake
                                                     United States District Judge